IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SANDRA LEA BENEDICT,

                                        ORDER
                Plaintiff,

                                        08-cv-667-slc[1]
        v.

EAU CLAIRE AREA SCHOOL DISTRICT,
EAU CLAIRE ASSOCIATION OF EDUCATORS and
WISCONSIN EDUCATION ASSOCIATION COUNCIL,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff Sandra Lea Benedict is no stranger to this court.  Beginning in 1995, she

filed a series of lawsuits in which she challenged a number of actions related to her

employment as a teacher with defendant Eau Claire Area School District.  Each of those

cases was resolved against her.  Benedict v. WFT Labor Union, No. 95-C-568-S (W.D. Wis.

1996), affirmed sub nom, Benedict v. Eau Claire Public Schools, No. 97-2513, 1998 WL

_____

        [1]   While this court has a judicial vacancy, it is assigning 50% of its caseload
automatically to Magistrate Judge Stephen Crocker.  At this early date, consents to the
magistrate judge's jurisdiction have not yet been filed by all the parties to this action.
Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the
case.

60374 (7th Cir. Feb. 10, 1998); Benedict v. Eau Claire Public Schools, No. 98-C-313-S (W.D. Wis. 1998), affirmed, No. 98-3437, 1999 WL 646878 (7th Cir. Aug. 23, 1999); Benedict v. WEAC Labor Union, No. 98-C-877-S (W.D. Wis. 1999); Benedict v. Eau Claire Public School District, No. 99-C-7-S (W.D. Wis. 1999), affirmed, Nos. 99-2001 & 99-2216, 2000 WL 52883 (7th Cir. Jan. 20, 2000); Benedict v. Wisconsin Education Association Council, No. 00-C-520-S (W.D. Wis. 2000). In case no. 98-C-313-S, the court imposed monetary sanctions against plaintiff for bringing frivolous claims.

After focusing her efforts on state courts for several years, Dft.'s Mot. to Dismiss, exhs. 4-8, dkt. #7, plaintiff has returned to this court with an 18-page, single-spaced complaint. This is plaintiff's amended complaint, which she filed before defendants filed a responsive pleading as she was permitted to do under Fed. R. Civ. 15(a)(1)(A). Because an amended complaint "supersedes all previous complaints and controls the case from that point forward," Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999), I have disregarded plaintiff's original complaint.

Defendants Eau Claire Area School District, Eau Claire Association of Educators and Wisconsin Education Association Council have moved to dismiss the amended complaint on various grounds. Also before the court is plaintiff's motion to extend the briefing deadline, which will be denied as unnecessary because plaintiff filed her brief in opposition to defendants' motions to dismiss before she filed her request for more time.

2

I agree with defendants that most of plaintiff's complaint is barred by claim or issue preclusion.  Although plaintiff's allegations are not easy to understand, she makes it clear that she is attempting to relitigate claims previously dismissed on the merits.  Plaintiff begins her complaint by acknowledging that she brought an earlier claim under the Age Discrimination in Employment Act and the Americans with Disabilities Act in which she alleged that the school district failed to accommodate a disability, discriminated against her because of her age and then retaliated against her for asserting her rights under those statutes.  She then alleges she "will once again come forward with viable and sufficient evidence and proof of evidence to support her claims for ongoing retaliation."  Am. Cpt. at 2, dkt. #8.  Later in her complaint, she says that "[t]hree of [her] previous allegations will be properly before the court in further proceedings:  her charges that the August 1993 denial of her transfer request from Boyd to Putnam Heights and her subsequent transfer to the mobile classroom violated the ADA and the ADEA; and that the 1995 termination of her Title I position at Randall by principal Mary Seitz constituted impermissble retaliation for her prior EEOC filing."  Id. at 11.

Unfortunately for plaintiff, these are the same three claims that the Court of Appeals for the Seventh Circuit concluded had no merit in Benedict v. Eau Claire Public Schools, No. 97-2513, 1998 WL 60374 (7th Cir. Feb. 10, 1998).  In fact, this is apparent from the amended complaint itself, which is largely a word-for-word recitation of the court of

3

appeals's decision.   As the court of appeals explained to plaintiff in her two subsequent appeals, plaintiff was entitled to *one* opportunity to prove her claim.  She cannot continue litigating the same claims until she receives a decision in her favor.

Some of plaintiff's amended complaint addresses issues outside the scope of previous cases, but those allegations fare no better.  Plaintiff devotes several paragraphs to perceived wrongdoings by her previous lawyer, lawyers that represented defendants in past cases and the district attorney for Eau Claire County, but none of these individuals is a party to the lawsuit.

Also, plaintiff appears to believe that defendants are denying her retirement benefits. She alleges that lawyers for defendants wrote in a letter to her "that in order to receive an early stipend award, [plaintiff] would have to release any and all school district employees, administrators as well as anyone attached to [plaintiff's] claims from liability to receive it." Am. Cpt. at 5, dkt. #8.  One problem with this allegation is that it is contradicted by plaintiff's own attachments to her "brief" opposing defendants' motion to dismiss.  (I put the word "brief" in quotation marks because the document is simply another copy of her amended complaint with additional attachments.)  One of those attachments is a letter from defendants' counsel in which he states that "the District made it abundantly clear to you as far back as the 2004 calendar year that you could elect early retirement without signing a release."  Dkt. #13-2.  The letter quotes at length from three previous letters in which the

4

same point is emphasized.  Plaintiff attaches no documents suggesting that defendants ever have taken a different position.  Cf. Massey v. Merrill Lynch & Co., Inc., 464 F.3d 642, 645 (7th Cir. 2006) (when documents attached to complaint contradict allegations, attachments trump allegations).

Even if I must accept plaintiff's allegations as true, they do not provide a basis for federal jurisdiction.  The crux of plaintiff's alleged dispute appears to be one relating to contract rights, which would be a matter of state law.  Generally, federal courts are limited to hearing  claims under federal law unless the parties are citizens of different states.  28 U.S.C. § 1332.  In this case, it appears that all parties are citizens of Wisconsin.  Although retirement plans may be governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461, plans by government entities such as a school district are exempt from that law.  29 U.S.C. § 1003(b)(1).  Without a basis for federal jurisdiction, I cannot hear this claim.

Although it is clear that petitioner continues to be frustrated by her failure to obtain the relief she seeks, she must accept the resolutions of the cases she has lost.  If she continues to file frivolous litigation in this court, I will not hesitate to impose sanctions on her for the resources that she has wasted of the court and the defendants.

5

ORDER

IT IS ORDERED that

1.  The motions to dismiss filed by defendant Eau Claire Area School District, dkt. #11, and defendants Eau Claire Association of Educators and Wisconsin Education Association Council, dkt. #9, are GRANTED.  Plaintiff Sandra Lea Benedict's claims for discrimination and retaliation are DISMISSED as precluded by plaintiff's previous lawsuits. Plaintiff's claim that defendants are denying her early retirement benefits is DISMISSED for lack of subject matter jurisdiction.

2.  Plaintiff's motions for an extension of time, dkt. #15, and for a schedule and trial dates, dkt. #16, are DENIED as unnecessary.

3. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 3rd day of February, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

6